**William E. BROCK, Secretary of Labor, Plaintiff-Appellant,**

v.

**George and Ann ING, d/b/a Mandarin Garden and La Paloma Garden, Defendants-Appellees.**

No. 86–2006.

United States Court of Appeals, Tenth Circuit.

Sept. 2, 1987.

Douglas Letter, Appellate Litigation Counsel, Appellate Staff, Civ. Div., Dept. of Justice (Richard K. Willard, Asst. Atty. Gen., and William S. Price, U.S. Atty., with him on the brief), Washington, D.C., for plaintiff-appellant.

Peter T. Van Dyke of Lytle Soule & Curlee, Oklahoma City, Okl. (John L. Clif-

ton, Shawnee, Okl., with him on the brief), for defendants-appellees.

Before McKAY and McWILLIAMS, Circuit Judges, and BROWN, District Judge.*

McWILLIAMS, Circuit Judge.

On September 22, 1982, the Secretary of Labor filed the present complaint in the United States District Court for the Western District of Oklahoma against George and Ann Ing, doing business as the Mandarin Garden and the La Paloma Garden, two restaurants located in Shawnee, Oklahoma. The complaint set forth alleged violations by the Ings of the Fair Labor Standards Act. 29 U.S.C. §§ 206, 207, and 215(a)(2). The Secretary in his complaint alleged that the Ings paid their restaurant employees less than the minimum wage to which restaurant employees were entitled, and that they had also failed to properly compensate their employees for overtime, i.e., hours in excess of 40 hours per week require time and one-half pay. The complaint further stated that the Ings had failed to make and maintain employee wage and hour records as required by 29 U.S.C. §§ 211(c) and 215(a)(5). The Secretary asked for injunctive relief and such further relief as was necessary and appropriate, including an award of back wages and overtime owed to Ings' employees, together with interest thereon.

A four-day non-jury trial was held about nine months later, in June, 1983. At the conclusion thereof, the district court took the matter under advisement and permitted the parties to file post-trial briefs and proposed findings and conclusion.

About two years later, on March 6, 1985, the district court made general findings of fact in verbal form from the bench. The district court found that the Ings had willfully violated the Fair Labor Standards Act by failing to pay their employees the applicable minimum wages and overtime. The district court further found that the Ings

had not kept and maintained records as required by the Act.

At this point, there were approximately 52 employees who claimed monies due from the Ings. At the hearing on March 6, 1985, the district court urged counsel to agree on the amounts due the individual employees, and that particular hearing ended with an admonition from the district court that counsel report back within 30 days concerning the progress made towards settlement.

Sometime in early 1986, it became apparent that the parties were unable to effect any settlement. In this setting, the district court, on April 25, 1986, entered an order referring the case to a Special Master. Specifically, the district court determined that "exceptional conditions exist involving matters of detailed and complex accounting which require the assistance of a Special Master." The Special Master was both a lawyer and an accountant.

The part of the referral order which really triggers the present dispute reads as follows:

> The Special Master shall be paid a fee to be fixed, and paid by the parties, as the Court will direct. A "Master's Reimbursement Fund" shall be established within the Court Clerk's office. Each party shall initially contribute $1,500.00 to this fund by May 10, 1986.

The Secretary filed objections to the referral order, specifically objecting to that part of the order which required the Secretary to pay by May 10, 1986, the sum of $1,500 into the "Master's Reimbursement Fund." A hearing was held on the Secretary's objections on May 12, 1986, at which time the Secretary renewed his objections to the referral order and stated that he "does not feel that the Secretary may be compelled to pay for a Master." The district judge stated that he did not know if he could compel the Secretary to make any payment, and that, in his view of the matter, he was simply giving the Secretary an option, i.e., pay the $1,500 or have the case dismissed. Upon being advised that the

---

* Honorable Wesley E. Brown, United States District Judge for the District of Kansas, sitting by designation.

Secretary could not, and would not, pay the $1,500, the district court dismissed the entire action. The Secretary appeals the dismissal. We reverse.

The Secretary's primary position is that the district court erred in ordering him to pay $1,500 to reimburse the Master for his services, and that the ensuing dismissal of his case constitutes error. One ground urged in support of this argument is that this was not a proper case for referral to a Master. Fed.R.Civ.P. 53 relates to the appointment of Masters, and states, in so many words, that a reference to a Master is an "exception and not the rule," and that trial courts should try their own cases, and not routinely shunt them off to a Master. However, the rule does provide that in a non-jury matter a reference may be made, but only "upon a showing that some exceptional condition requires it," and the rule specifically provides in non-jury matters for referral of "matters of account and of difficult computation of damages."

■ We think the district court's determination to refer the present case to a Master who would fix the dollar amount due the affected employees comes within the spirit and letter of Rule 53. There were approximately 52 employees who had back pay or overtime, or both, due them from the Ings. The Ings' business records were incomplete and there was considerable "piecing together" that had to be made by one knowledgeable in accounting matters and familiar with business records in general.

Assuming the propriety of the district court's referral order, the Secretary next challenges the district court's ultimatum to immediately pay $1,500 to the Master's account or suffer a dismissal of the action. This challenge is based on several grounds. In our view of the matter, the Secretary should not have been called upon to pay any of the expense of the Master. Under the circumstances above described, such expense should be borne solely by the Ings.

■ Rule 53(a) of the Federal Rules of Civil Procedure states that the "compensation to be allowed to a master shall be fixed by the court, and shall be charged upon *such of the parties ...* as the court may direct" (emphasis added). The rule, then, permits, but does not require that the expense of a Master be divided between the parties. In a given case, fairness may suggest that the expense be borne by one of the parties. And that, in our view, is true in the instant case.

■ The district court has held, *inter alia,* that the Ings willfully failed to comply with the minimum wage and overtime pay provision of the Act, and that they also failed to keep and maintain business records as required by the Act. This latter omission no doubt contributed to the district court's decision to refer the case to a Master who would fix the dollar amount due the employees who had been underpaid by the Ings. Such being the case, the district court, in our view, abused its discretion when it ordered the Secretary to immediately contribute $1,500 to the Master's fund, or have his case dismissed.* The Secretary was in no sense a "wrongdoer," nor were any of the 52 employees who had been underpaid by the Ings. The "wrongdoers" were the Ings who violated the Act. In such circumstance, the expense of the Master, caused by the "wrongdoer," should be borne by the "wrongdoer." *Cf. Apponi v. Sunshine Biscuits, Inc.,* 809 F.2d 1210, 1220 (6th Cir.1987); *Teradyne, Inc. v. Teledyne Industries, Inc.,* 676 F.2d 865, 870–71 (1st Cir.1982); *Equal Employment Opportunity Commission v. International Union of Elec., Radio, etc.,* 631 F.2d 81 (6th Cir.1980), *cert. denied,* 449 U.S. 1010, 101 S.Ct. 565, 66 L.Ed.2d 468 (1980); *United States v. Yonkers Bd. of Educ.,* 108 F.R.D. 199 (S.D.N.Y. 1985).

Judgment reversed, and the case is remanded with directions that the district court reinstate the Secretary's action and that the district court then vacate that part

* Believing that this is a clear case of abuse of discretion, we need not here consider the Secretary's other objections to the assessment of the cost of a Master, or a part thereof, on the Secretary.

of its referral order which directs the Secretary to pay $1,500 into a Master's fund.